ALVA W. BRADLEY and another *vs.* VILLAGE OF WEST DULUTH.

December 1, 1890.

**Village—Construction of Sidewalks without Petition or Assessment.**
    The village council of a village organized under the general statute relating to villages (Laws 1885, c. 145) *held* to have power to cause a sidewalk to be constructed and to purchase material therefor of their own motion, without petition from the owners of the adjacent lands, and without an assessment of the expense being first made upon the adjacent property.

Appeal by defendant from a judgment (of $307.72) of the district court for St. Louis county, where the action was tried by *Stearns,* J.
    *Cash & Williams,* for appellant.
    *Spencer, Washburn & Shoemaker,* for respondents.

DICKINSON, J. This action is for the recovery of the value of a quantity of lumber, alleged to have been sold by the plaintiffs to the defendant. The defendant denies that it purchased the lumber. Upon stipulated facts, the court determined the issue in favor of the plaintiffs. The village council appointed certain committees, with express authority to "order" the necessary material, and to construct side-

walks in two designated places. These committees, assuming to act under the authority thus conferred, purchased from the plaintiffs the lumber for which a recovery is sought, and the same was used in the construction of the sidewalks. It appears that as to one of the sidewalks the village acted on a petition of the adjacent property owners therefor. In the other case there was no such petition. On the part of the defendant it is contended that some provisions of the general law, under which this village was incorporated, (Laws 1885, c. 145,) were not complied with; that the village council had no authority to purchase this lumber; and, hence, that the village is not responsible.

Under this law, each village constitutes a separate road-district, and to the general governing body, the village council, is committed the care of the streets. To them the power is given to appoint a street commissioner, and to prescribe his duties; to direct the expenditure of all taxes raised for road purposes; and to determine the amount of taxes to be levied. Among the general and large enumeration of powers expressly conferred upon the council in section 21, as respects the streets, such as the laying out, extending, discontinuing, grading, and paving of streets, there is included authority to make, alter, widen, or otherwise improve, keep in repair, vacate, or discontinue *sidewalks.* But section 30 is relied upon as limiting the general power thus conferred. This section declares that "the village council may cause any street, or part of any street, not less than sixteen rods in length, to be graded, paved, macadamized, or otherwise improved, or any sidewalk or gutter to be built, upon a petition therefor in writing, signed by at least a majority of all the owners of real estate bounding both sides, and of the owners of at least one-half the frontage of such street or part of street to be improved; or order any sidewalk or gutter on one side of a street to be built, on the petition of a majority of such owners, and of the owners of at least one-half the frontage on such side; and may order any sidewalk or gutter previously built to be put in repairs, when necessary, without petition. For the purpose of so improving any street or building, or repairing any sidewalk or gutter, the village council may levy and cause to be collected upon the lots, tracts, or parcels of ground on

such street or part of street improved, or on the side thereof where only such sidewalk or gutter is to be built, and upon the owners thereof, a tax sufficient to pay the expense of constructing such improvement as ordered opposite such property to the centre of the street, or such proportion thereof, not less than one-half, as they shall deem justly assessable to such property, if they shall think the whole ought not to be so assessed, in which case the remainder shall be paid from the village treasury."

Is this section to be construed as limiting the power of the council, in respect to the grading or otherwise improving streets or the construction of sidewalks, to cases where a petition therefor has been presented by the owners of the adjacent property which is liable to special assessment? Is it indispensable and a condition precedent to the power of the council to proceed with any such improvement, that local assessment of the expense, or of at least one-half of it, be made upon the adjacent property? Both of these questions we answer in the negative. The construction to be put upon this section is not necessarily what it might have been if authority had not been elsewhere in the law conferred upon the village council. The very purpose for which municipal corporations are created, or allowed to be organized, is to secure the necessary and proper management and administration of affairs of common and public concern; and important among these is that of providing and maintaining necessary, proper, and safe public streets for use not only with carriages, but by pedestrians. It has long been deemed to be the policy of the law, illustrated by our own state legislation, to grant extensive powers with respect to the public streets (involving also corresponding duties) to the local governing boards in our thickly-settled communities, where municipal organizations have been created; and, as is shown by numerous decisions of this court, such municipalities are held responsible to those who may be injured by the neglect to discharge such duties. It should require a very plain expression of the intention of the legislature to justify a construction of this general village law which would so far limit the unqualified grant of power, in section 21, that the public authorities would be powerless to make necessary and ordinary improvements of public streets unless the ad-

jacent property-owners, liable to be charged with the whole or the greater part of the expense, shall have petitioned that such improvements be made. It is obvious that it will often be necessary that a street be improved, a hill cut down, a marsh filled, a dangerous place made safe, or sidewalk constructed, although the owners of the adjacent property may not desire or consent that it be done. This may be necessary in cases where the improvement of the street will actually injure the adjacent property. Such public improvements are required, not merely for the benefit of the adjacent proprietors, but for the benefit of the people in general; and the powers conferred upon the village council are intended to be exercised for the interest of the whole community. But the power to make such improvements, however necessary, vests nowhere unless in the village council; and to construe the law as requiring a petition therefor on the part of those who may be liable to bear the whole expense would lead to this: That, in the matter of the improvement of public streets, all considerations of public necessity, safety, and convenience must yield to the mere arbitrary will of one or of a few private persons—perhaps non-residents—owning lands adjacent to the street, and whose conduct is regulated solely by self-interest.

Again, it will be observed that, if this section is to be deemed to prescribe conditions necessary to be complied with to authorize the council to proceed in such matters, then no part of a village street less than 16 rods in length can be improved at all; for such cases are not within the power specified in this section.

These considerations, as well as the general structure of the act, lead us to the conclusion that this construction should be placed upon it: The general power expressed in section 21, and which is ordinarily vested in local public officers or boards, is not conditioned upon those things being done to which section 30 relates. The council may cause any street improvement to be made, including the construction of a sidewalk, of their own motion, whenever the general public interests require that it be done, and the expense of it may be paid by the village, at least from funds raised for road purposes. Where the property owners have petitioned for the improvement, as specified in section 30, special assessments of the expense may be

made as there provided, if the adjacent property is deemed to be justly chargeable with the expense; that is, if it is specially benefited by the improvement. Such local assessments are, however, not authorized, unless the council shall deem the property to be thus charged to be "justly assessable"—that is, specially benefited—to the extent of "not less than one-half" the expense of the improvement. Therefore, it is not a defence here that, as to a portion of the sidewalk for the construction of which this lumber was purchased, there had been no petition for a sidewalk by the adjacent property owners. Nor is it a defence that no assessment had been made upon the adjacent property prior to the purchase of the lumber. It does not appear that any of the adjacent property was so benefited as to render it "justly assessable," save with its proper proportion of the expense in common with all other taxable property.

Whatever may be the proper construction of the provision in section 51, that all contracts for village improvements, "except expenditures of road and poll tax," shall be let to the lowest responsible bidder, after public notice of time and place of receiving bids therefor, it does not affect the right of recovery in this case. The village council, by force of the exception above recited, in connection with the more general scope of the law above considered, might rightfully purchase the lumber, and cause the sidewalk to be constructed, and pay for the material and construction out of the road tax. There was nothing in this contract of sale preventing the village from performing its obligation of payment in that way,—nothing to inform the plaintiffs that the contract was not strictly within the powers of the village council. Since the council might thus lawfully make the purchase, and might thus lawfully perform its part of the contract, the contract was not *ultra vires* in such a sense as to justify this defence to an action for the price of the material sold in good faith by the plaintiffs, and received and used by the village. *Moore* v. *Mayor, etc., of New York,* 73 N. Y. 238; and see *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543. It may further be said that it does not even appear that it was not the intention of the council when the contract was made to pay out of the road fund, as it might lawfully have done.

The case is distinguishable from *Newbery* v. *Fox,* 37 Minn. 141, (33

N. W. Rep. 333,) from the fact that the contractor in that case had express notice of the invalidity of the contract into which he entered.

Judgment affirmed.

GILFILLAN, C. J., (*dissenting*.)  I think the general power in respect to sidewalks, etc., granted in section 21, should be exercised in the manner prescribed in sections 30 and 31, and especially as in the latter section it seems to be contemplated that all work of the kind is to be done by a street commissioner.  I therefore dissent.